■ In the Matter of SHELL OIL COMPANY, Appellant, v. PALMER D. FARRINGTON et al., Constituting the Town Board of the Town of Hempstead,

Respondents.— In a proceeding under article 78 of the former Civil Practice Act (now CPLR, art. 78) to annul a determination of the Town Board of the Town of Hempstead made after a public hearing, denying petitioner's application, made pursuant to the Town's Flammable Liquids Ordinance and Building Zone Ordinance, for a permit to install a 1,000,000-gallon fuel oil storage tank, the petitioner appeals from a judgment of the Supreme Court, Nassau County, entered December 6, 1963, which denied its application and dismissed the proceeding. Judgment reversed on the law, without costs; and proceeding remitted to the Special Term for the purpose of holding a hearing and making a determination *de novo* on the basis of the proof to be adduced. No questions of fact have been considered. In our opinion, the reasons for the Town Board's action, as set forth in its return, were sufficient to justify the denial of petitioner's application for a special exception (*Matter of Shell Oil Co.* v. *Farrington,* 19 A D 2d 555; cf. *Matter of Lemir Realty Corp.* v. *Larkin,* 11 N Y 2d 20). However, the record contains none of the evidence upon which the board acted, and the pleadings and affidavits in the proceeding indicate that there is a serious dispute between the parties as to whether the board's findings have any basis in fact. Under the circumstances, we are of the opinion that a hearing is required to determine whether there was evidence to support the reasons given by the board for its action. That question was not presented or decided on the prior appeal (*Matter of Shell Oil Co.* v. *Farrington, supra*). Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.